## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Sean Houston, et. al.,
     Plaintiffs,

                                 Case No. 2:22-cv-13036
                                 Hon. Stephen J. Murphy, III
                                 Mag Judge Anthony P. Patti

vs.

U.S Department of Justice, et. al.,

     Defendants.

_____/

| | |
|---|---|
| Sean Houston, pro per<br>3079 South Baldwin Road #1006 Ste. 559<br>Lake Orion, Michigan 48359<br>(248) 891-4775<br>shoustone11800@gmail.com | Reginald G. Dozier (P38054)<br>LEWIS & MUNDAY, P.C.<br>Attorney for Defendant Yarbrough<br>535 Griswold, Ste. 2300<br>Detroit, MI 48226<br>(313) 961-2550 / Fax (313) 961-1270<br>rdozier@lewismunday.com |

_____/

## DEFENDANT KAREN A. YARBROUGH, COOK COUNTY CLERK'S MOTION TO DISMISS
### (In Lieu of Responsive Pleadings)

In accordance with Fed R Civ P 12(b)(6), Defendant Karen A. Yarbrough, Cook County Clerk hereby moves, through counsel, for an order dismissing Plaintiff's Complaint and its claims against her in their entirety. In support of this position, Defendant offers the following:

1.      On January 6, 2023, Plaintiffs initiated this civil action by filing their Complaint with the United States District Court for the Eastern District of Michigan. ECF #1, Pg. ID 1 through 74.

2. Plaintiffs' Complaint fails to reflect a particularized factual basis implicating Defendant Yarbrough in any asserted unlawful conduct and therefore fails to state a claim upon which relief may be granted.

3. Plaintiffs' Complaint fails to state a claim in avoidance of Defendant Yarbrough 's qualified immunity.

4. On February 20, 2023, the undersigned attempted to contact Plaintiffs for the purpose of seeking concurrence in the relief sought herein. Plaintiffs' given telephone number is not Plaintiff's telephone number.

In accordance with the authorities cited and the facts presented above, Defendant Cook County Clerk Yarbrough respectfully requests the court grant her motion and dismiss Plaintiffs' claims against her in their entirety, with prejudice, and with an award of reasonable attorney fees as such are occasioned by the need to appear and defend this matter.

Respectfully Submitted.

By: */s/ Reginald G. Dozier*
Reginald G. Dozier (P38054)
Attorney for Defendant Yarbrough
**LEWIS & MUNDAY, P.C.**
535 Griswold Street, Suite 2300
Detroit, MI 48226
(313) 961-2550
(313) 961-1270 Fax
Dated: February 23, 2023     rdozier@lewismunday.com

**DEFENDANT KAREN A. YARBROUGH COOK, COUNTY CLERK'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

**(In Lieu of Responsive Pleadings)**

This civil action arises from indecipherable events which are described in text which struggles, and fails, to rise above the level of gibberish.

**Table of Contents**

I.   Statement of Issues Presented ........................................................................ ii

II.  Table of Authorities Cited ............................................................................ iii

III. Authorities and Argument ............................................................................ 1

      a.  FRCP 12(b)(6) Predicate ......................................................... 1
      b.  Conclusory Pleading ........................................................... 2
      c.  Qualified Immunity ............................................................ 5

IV. Conclusion .................................................................................................... 11

i

# I. Statement of Issues Presented

Controlling federal authority provides that damage claims against government officials cannot be founded upon conclusory, vague, or general allegations, or allegations predicated upon a vicarious liability theory of recovery. Plaintiffs name Karen A. Yarbrough, Cook County Clerk as a defending party in this action but pleads no particularized facts regarding how, when, where, in what way or manner she committed any unlawful act or omission of which Plaintiffs complain. As a consequence, does Plaintiffs' Complaint state a claim against Defendant Karen A. Yarbrough, Cook County Clerk upon which relief may be granted?

## II. Table of Authorities Cited

Cases

FRCP 12(b)(6) Predicate

*Austin v City of Grand Rapids,* 685 F Supp 1296 (D Mich 1988) .....................1
*Conley v Gibson,* 355 US 41 (1957)....................................................................1
*German v Killeen,* 495 F Supp 822 (D Mich 1980) ...........................................1
*Hiland Dairy Inc. v Kroger Co.,* 402 F2d 968 (8th Cir 1968) ...........................*1*
*In Re DeLorean Motor Co.,* 991 F2d 1236 (6th Cir. 1993) ...............................1
*Meador v Cabinet for Human Resources,* 902 F2d 474 (6th Cir.).....................1
*Michigan Hospital Association v Department of Social Services,*
        738 F Supp 1080 (D Mich. 1990) ............................................................1


Conclusory Pleading

*Ashcroft v Iqubal,* 556 US 663 (2009)........................................................2, 3, 4
*Bell Atlantic Corp. v Twombley,* 550 US 544 (2007)......................................2, 3
*Estelle v Gamble,* 429 US 97 (1976) ..................................................................2
*Moore v Holbrook;* No 92-3334, slip op. at 11 (6th Cir. August 16, 1993) .......2
*Nuclear Trans & Storage v United States,* 980 F2d 1348 (6th Cir 1989)...........2
*Wells v Brown,* 891 F2d 591 (6th Cir. 1989)......................................................2


Qualified Immunity

*Aldini v Johnson,* 609 F3d 858 (6th Cir 2010) ...................................................6
*Anderson v Creighton,* 483 US 635 (1987)......................................................6, 8
*Ashcroft v al-Kidd,* 563 US 731 (2011)...........................................................6, 8
*Brosseau v. Haugen,* 543 US 194, 198 (2004) ....................................................8
*Cope v Heltsly,* 128 F3d 452 (6th Cir 1997)  .....................................................9
*Davis v Sherer,* 468 US 183 (1984) (1984)........................................................5
*Graham v Connor,* 490 US 386 (1989)...............................................................7
*Harlow v Fitzgerald,* 457 US 800 (1982)...........................................................6
*Hensley v Gassman,* 693 F3d 681 (6th Cir 2012) ...........................................6,8
*Hernandez v Mesa,* 137 SCt 2003 (2017) ..........................................................7
*Johnson v Estate of Laccheo,* 935 F2d 109 (6th Cir 1991) ..............................10
*Long v Norris,* 929 F2d 1111 (6th Cir 1991).......................................................8
*Malley v Briggs,* 475 US 335 (1986).................................................................6
*Mullenix v Luna,* 136 SCt 305 (2015) ...............................................................6

iii

*Myers v Potter,* 422 F3d 347 (6th Cir. 2005) ........................................................ 9

*Pearson v. Callahan, 555* US 223 (2009) ..................................................... 6, 7

*Pray v City of Sandusky,* 49 F3d 1154 (6th Cir 1995) ..................................... 10

*Saucier v Katz,* 533 US 194 (2001) ............................................................... 7, 8

*Saylor v Board of Education,* 118 F3d 507 (6th Cir 1997) ............................... 9

*Reichle v Howards,* 566 US 658 (2012) ............................................................ 6

*Rippy v Hattaway,* 270 F3d 416 (6th Cir 2001) ................................................ 9

*Wilson v Layne,* 526 US 601 (1999) .................................................................. 9

*White v Pauly,* 137 SCt 584 (2017) ................................................................... 6

<u>Court Rules</u>

Fed R Civ P 8.......................................................................................... 2, 3, 4

Fed R Civ P 8(a)(2)....................................................................................... 2, 3

Fed R Civ P 12(b)(6) ........................................................................................ 1

Fed R Civ P 56................................................................................................. 5

### III. Authorities and Argument

### a.    FRCP 12(b)(6) Predicate

Any pleading which sets forth a claim for relief may be challenged by a FRCP 12(b)(6) motion. Such a motion tests the legal sufficiency of the pleading. *German v Killeen,* 495 F Supp 822 (D. Mich. 1980). Consequently, the court must limit its inquiry to the pleading alone. *Michigan Hospital Association v Department of Social Services,* 738 F Supp 1080 (D. Mich. 1990).

FRCP 12(b)(6) motions serve a useful purpose in disposing of legal issues with a minimum of time and expense to the parties. *Hiland Dairy Inc. v Kroger Co.,* 402 F2d 968 (8th Cir 1968), *cert. denied,* 395 US 961.

FRCP 12(b)(6) provides a complaint must be dismissed if it fails to state a claim upon which relief may be granted. In assessing such a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff can prove any conceivable set of facts entitling him or her to relief. *In Re DeLorean Motor Co.,* 991 F2d 1236 (6th Cir. 1993) (citing *Meador v Cabinet for Human Resources,* 902 F2d 474 (6th Cir.) *cert. denied,* 489 US 867 (1990)); *Austin v City of Grand Rapids,* 685 F Supp 1296 (D Mich 1988); *see also, Conley v Gibson,* 355 US 41 (1957).

1

### b.                       Conclusory Pleading

It is not the court's role to guess the nature of Plaintiffs' asserted claims.   *Wells v Brown,* 891 F2d 591 (6th Cir. 1989); *Nuclear Transportation & Storage v United States,* 980 F2d 1348 (6th Cir. 1989); and Defendants should not have to speculate about a cause of action which is not evident on the face of the complaint. *Estelle v Gamble,* 429 US 97 (1976); *Moore v Holbrook;* No 92-3334, slip op. at 11 (6th Cir. August 16, 1993).

In accordance with FRCP 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief..." The FRCP 8 pleading standard does not require detailed factual allegations, but at the same time it does demand more than unadorned, *the-defendant-harmed-me* accusations. *Bell Atlantic Corp. v Twombley,* 550 US 544, 555 (2007). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id,* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id,* at 557.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v Iqubal,* 556 US 663, 678 (2009). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference

2

that the defendant is liable for the conduct alleged. *Id,* at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a metaphysical possibility that a defendant has acted unlawfully. *Id, at* 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id,* at 678.

Further, only a complaint that states a plausible claim for relief will survive a motion to dismiss; determining whether a complaint states a claim is a context-specific task requiring the reviewing court to draw on its experience and common sense; but where the facts as pled do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but has not shown, that the pleader is entitled to relief. *Id,* at 679; FRCP 8(a)(2).

The tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Ashcroft v Iqubal,* supra, at 678, citing *Bell Atlantic Corp. v Twombley,* supra, at 555 (although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, the court is not bound to accept as true a legal conclusion couched as a factual allegation). FRCP 8 marks a notable and generous departure from the hyper technical, code-pleading

regime of a prior era, but it does not unlock the doors to discovery for a plaintiff armed with nothing more than conclusions. *Ashcroft v Iqubal,* supra, at 678-79.

A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v Iqubal,* supra, at 679.

FRCP 8 does not require courts to credit a complainant's conclusory statements without reference to such statement's factual context. *Id, at* 686. Accordingly, well pled factual assertions, distinguished from legal conclusions, talismanic recitations of the elements, or incantations of culpability related adjectives, must nudge his or her claims "across the line from conceivable to plausible." *Id, at* 680.

In the instant matter, Plaintiffs' 55 page Complaint struggles, and fails, to rise above the level of a gibberish laden manifesto of conflated law which has no application to Yarbrough. It references Yarbrough only to the extent of designating her status as:" whose principle located at 69 West Washington Street 50, Chicago, Cook County, Illinois, in care of Yarbrough, karen a d/b/a KAREN A. YARBROUGH, cook county clerk/recorder of deeds et al," Complaint, ECF

#1, Page. Id 12. Beyond this, Plaintiffs' Complaint fails to reflect any factual development implicating Defendant Yarbrough personally in any manner of unlawful conduct the product of which is the violation of any right recognized by prevailing law.

Plaintiffs' failings deprive Defendant Yarbrough of fair notice regarding the acts or omissions against which she must defend, and the court is left without a framework against which to judge the merits of any FRCP 56 summary disposition motion he may pursue.

In all regards, Plaintiffs' Complaint fails to state a claim against Yarbrough for which relief may be granted.

### c. Qualified Immunity

The qualified immunity doctrine is inevitably implicated where a plaintiff's complaint fails to identify any acts or omissions demonstrating (1) that a defendant acted in a manner to violate a right (2) founded in clearly established law.

The defense of qualified immunity is available to any governmental official accused of violating an individual's clearly established constitutional rights. *Davis v Sherer,* 468 US 183 (1984), reh denied 468 US 1226 (1984).

Qualified immunity entails a two-step inquiry; first, whether the defending party violated a constitutional right, and second, whether that right was clearly

established. *Hensley v Gassman,* 693 F3d 681 (6th Cir 2012); *Aldini v Johnson,* 609 F3d 858, 863 (6th Cir 2010).

Qualified immunity attaches when an official's conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known'. *White v Pauly,* 137 SCt 584 (2017), citing and quoting *Mullenix v Luna,* 136 SCt 305, 308 (2015); *Pearson v. Callahan, 555* US 223, 231 (2009) (quoting *Harlow v Fitzgerald,* 457 US 800, 818 (1982). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v Howards,* 566 US 658, 664 (2012) (internal quotation marks and alteration omitted). "We do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v al-Kidd,* 563 US 731, 741 (2011). Put simply, qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v Briggs,* 475 US 335, 341 (1986).

### 1. Violation of a Constitutional Right

Whether a constitutional right has been violated turns upon the "objective legal reasonableness" of the subject official's actions, *Anderson v Creighton,* 483 US 635 (1987), citing *Harlow v Fitzgerald,* 457 US 800 (1982). The test concerns whether the official's actions were "objectively unreasonable"

in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. *Graham v Connor,* 490 US 386 (1989); *Davis,* supra.

While a subjective inquiry has no place in the qualified immunity analysis, the reasonableness of the official's action must nonetheless be evaluated in light of the information that the defendant officer possessed at the time of the act, thus often requiring an "examination of the information possessed by the ... officials." *Anderson,* supra; *Davis,* supra.

## 2. Clearly Established Law

The "dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v Katz,* 533 US 194, 202 (2001). The qualified immunity analysis is therefore limited to "the facts that were knowable to the defendant officers" at the time they engaged in the conduct in question. *Hernandez v Mesa,* 137 SCt 2003, 2007 (2017), citing *White v Pauly,* supra. Facts an official learns afterward, regardless of whether those facts support granting or denying qualified immunity, are not relevant.

Qualified immunity is important to society as a whole, and because as `an immunity from suit, qualified immunity is effectively lost if a case is erroneously permitted to go to trial.' *White v Pauly,* supra at 551-552; *Pearson v. Callahan,*

*555* U. S. 223, 231 (2009). Toward this end, the Supreme Court has "repeatedly told courts . . . not to define clearly established law at a high level of generality." *Ashcroft v al-Kidd, supra,* at 742. Instead, the dispositive question is "whether the violative nature *of particular* conduct is clearly established." *Ibid.* (emphasis added). This inquiry must be undertaken in light of the specific context of the case, not as a broad general proposition."' *Brosseau v. Haugen,* 543 US 194, 198 (2004) *(per curiam)* (quoting *Saucier v Katz,* 533 US 194, 201 (2001).

Because the focus is on whether the official had fair notice that his or her conduct was unlawful, the reasonableness of that conduct is judged against the backdrop of the law existing at the time the official acted. If the law at that time did not clearly establish that the official's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation. *Brosseau v Haugen,* supra; *Anderson v Creighton,* supra at 640 (in light of the pre-existing law, the unlawfulness must be apparent).

To be clearly established, the law must be clear in regard to the official's particular actions in the particular situation, *Hensley v Gassman,* supra, citing *Long v Norris,* 929 F2d 1111, 1114 (6th Cir 1991), such that a reasonable official would have understood that what (s)he is doing violates federal law. *Anderson,* supra. Accordingly, the right the official is alleged to have violated must have been clearly established in a more particularized, and therefore more relevant, sense. *Anderson,* supra, *Brosseau,* supra. The relevant dispositive

inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his/her conduct was unlawful in the situation (s)he confronted. *Wilson v Layne,* 526 US 601 (1999) ("As we explained in *Anderson,* the right allegedly violated must be defined at the appropriate level of specificity before a court can determine whether it was clearly established.")

While the pre-existing law need not hold the identical conduct is unlawful to overcome qualified immunity, pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in like circumstances.'" *Hensley,* supra, citing and quoting, *Saylor v Board of Education,* 118 F3d 507, 515 (6th Cir 1997). Stated succinctly, the unlawfulness must be apparent in light of preexisting law. *Rippy v Hattaway,* 270 F3d 416 (6th Cir 2001).

To determine whether a right is clearly established, a district court within the 6th Circuit must find binding precedent by (1) the Supreme Court, (2) the 6th Circuit Court of Appeals, or (3) the district court itself. *Cope v Heltsly,* 128 F3d 452 n4 (6th Cir 1997).

### 3. Burden of Proof

Once a defendant asserts the affirmative defense of qualified immunity, the burden shifts to the plaintiff to demonstrate that the defendant is not entitled to the defense of qualified immunity. *Myers v Potter,* 422 F3d 347, 352

(6th Cir. 2005). To do so, a plaintiff must "1) identify a clearly established right alleged to have been violated; and 2) establish that a reasonable officer in the defendant's position should have known that the conduct at issue was undertaken in violation of that right." *Pray v City of Sandusky,* 49 F3d 1154, 1159 (6th Cir 1995), citing *Johnson v Estate of Laccheo,* 935 F2d 109, 111 (6th Cir 1991).

### 4. Application to the Instant Case

As detailed above, Plaintiffs fail to plead any factual matters demonstrating that Defendant Yarbrough personally played a role in any manner of unlawful acts or omissions. As a direct consequence of this failure, Plaintiffs' Complaint fails to avoid Yarbrough's qualified immunity as it fails to allege that she acted in a manner which effected the violation of any rights bestowed on Plaintiffs by constitution or law. Plaintiffs are, therefore, unable to carry their burden of proof as to the first prong of overcoming Defendant Yarbrough's qualified immunity.

Of equal importance, Plaintiffs cannot meet their burden of proof as to the second prong of Yarbrough's qualified immunity. This is so because Plaintiffs seek to enforce, albeit in the most unfocused and rambling manner possible, certain international treaty rights, and no individual has standing to sue for the abridgement of such treaty provisions. See, e.g., *Macleod v Moritz,* 2020 US App LEXIS 12010 (6' Cir 2020), Exhibit 1.

10

In all regards, Plaintiffs' fail to plead in avoidance of Yarbrough's qualified immunity.

### IV. Conclusion

Plaintiffs fail to state a claim against Defendant Yarbrough recognized by law as they (1) fail to plead any particularized factual matters demonstrating a plausible claim for relief, and because (2) Plaintiffs fail to plead in avoidance of Defendant Yarbrough's qualified immunity.

Predicated upon the facts presented, the authorities cited, and the arguments advanced above, Defendant Karen Yarbrough, Cook County Clerk hereby respectfully requests the court grant her motion and dismiss Plaintiffs' Complaint and its claims against her in their entirety, with prejudice, and with an award of reasonable attorney fees as such are occasioned by the need to appear and defend this matter.

Respectfully Submitted.

By: /s/ *Reginald G. Dozier*
Reginald G. Dozier (P38054)
Attorney for Defendant Yarbrough
**LEWIS & MUNDAY, P.C.**
535 Griswold Street, Suite 2300
Detroit, MI 48226
(313) 961-2550
(313) 961-1270 Fax
Dated: February 23, 2023        rdozier@lewismunday.com

# EXHIBIT 1

## Macleod v Moritz, 2020 US App LEXIS 12010
## (6th Cir 2020)

DEFENDANT KAREN A. YARBROUGH, COOK COUNTY CLERK'S
MOTION TO DISMISS
(In Lieu of Responsive Pleadings)

Houston v Yarbrough, et al / 22-cv-13036



**User Name:** John Schapka
**Date and Time:** Friday, January 27, 2023 5:02:00PM EST
**Job Number:** 188949337

## Document (1)

1. *Macleod v. Moritz, 2020 U.S. App. LEXIS 12010*

   **Client/Matter:** -None-
   **Search Terms:** individual standing to sue for treaty violation
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   | --- | --- |
   | Cases | Court: Federal > 6th Circuit |

Ⓐ Neutral
As of: January 27, 2023 10:02 PM Z

## *Macleod v. Moritz*

United States Court of Appeals for the Sixth Circuit

April 15, 2020, Filed

No. 19-1887

**Reporter**
2020 U.S. App. LEXIS 12010 *; 2020 WL 4590115

DUSTIN LEE MACLEOD, Plaintiff-Appellant, v. WILLIAM MORITZ, Director, MI Dept. of Natural Resources, et al., Defendants-Appellees.

**Notice:** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. *SIXTH CIRCUIT RULE 28* LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE *RULE 28* BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**Subsequent History:** US Supreme Court certiorari denied by *Macleod v. Moritz, 2021 U.S. LEXIS 913 (U.S., Feb. 22, 2021)*

**Prior History:** [*1] ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN.

*MacLeod v. Moritz, 2019 U.S. Dist. LEXIS 116749, 2019 WL 3072098 ( E.D. Mich., July 15, 2019)*

## Core Terms

*Treaty*, consent decree, tribes, district court, rights, structures

## Case Summary

### Overview
HOLDINGS: [1]-No court held that the 1836 *Treaty* of Washington created a private right of action, and plaintiff developed no argument that the *Treaty* created an individually enforceable right to erect religious structures on state land; when *individual* tribal members *sued* to enforce the *Treaty*, courts held that they lacked *standing*; [2]-While plaintiff argued that the district court

erred in its analysis of the 2007 consent decree, he was not a party to the consent decree and thus lacked *standing to sue* to enforce its provisions about sweat lodges.

### Outcome
Plaintiff's motion for counsel denied; judgment affirmed.

## LexisNexis® Headnotes

Civil Procedure > Appeals > Standards of Review > De Novo Review

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

*HN1*[⬚]  **Standards of Review, De Novo Review**

An appellate court reviews de novo a district court's grant of a motion to dismiss for failure to state a claim under *Fed. R. Civ. P. 12(b)(6)*. To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Civil Procedure > Appeals > Standards of Review > De Novo Review

International Law > *Treaty* Interpretation

Civil Procedure > Appeals > Standards of Review > Questions of Fact & Law

*HN2*[⬚]  **Standards of Review, De Novo Review**

2020 U.S. App. LEXIS 12010, *1

Proper interpretation of a **_treaty_** presents a question of law that an appellate court reviews de novo.

International Law > **_Treaty_** Interpretation > **_Treaty_** Review

_HN3_[🔒]  **Treaty Interpretation, Treaty Review**

**_Treaties_**, like some statutes, do not always directly create rights that a private citizen can enforce in court. As a general rule, international **_treaties_** do not create rights that are privately enforceable in the federal courts. Absent express language in a **_treaty_** providing for particular judicial remedies, the federal courts will not vindicate private rights unless a **_treaty_** creates fundamental rights on a par with those protected by the United States Constitution.

Civil Procedure > Judgments > Entry of Judgments > Consent Decrees

_HN4_[🔒]  **Entry of Judgments, Consent Decrees**

A consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it.

Civil Procedure > Attorneys > Appointment of Counsel

_HN5_[🔒]  **Attorneys, Appointment of Counsel**

There is no constitutional right to be appointed counsel in a civil case.

**Counsel:** Dustin Lee Macleod, Plaintiff - Appellant, Pro se, Sault Ste Marie, MI.

For ERIC BOTORFF, Conservation Officer, G.O.S.C., LORI BURFORD, Trespass Specialist, GREG DROGOWSKI, Conservation Officer, G.O.S.C., WADE HAMILTON, F.O.C. MI Dept. of Natural Resources, DENNIS KNAPP, Manager, MI Dept. of Natural Resources, Rick Mcdonald, P.R.C.S.T., STEVE MILFORD, MI Dept. of Natural Resources, WILLIAM MORITZ, Director, MI Dept. of Natural Resources, SCOTT WHITCOMB, P.R.C.S.T. Unit Manager, Defendants - Appellees: Nathan A. Gambill, Office of the Attorney General of Michigan, Lansing, MI.

**Judges:** Before: GRIFFIN, KETHLEDGE, and STRANCH, Circuit Judges.

# Opinion

ORDER

Dustin Lee MacLeod, a pro se Michigan prisoner, appeals the district court's judgment dismissing his civil rights action against several employees of the Michigan Department of Natural Resources ("MDNR"). MacLeod also moves for the appointment of counsel. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. _See Fed. R. App. P. 34(a)._

According to MacLeod's amended complaint, he is a member of the Sault Ste. Marie Tribe **[*2]** of Chippewa Indians and owns land abutting the Pigeon River State Forest in Otsego County, Michigan. The property line is not clearly defined, and MacLeod "and other tribal members maintained and reconstructed sacred site structures on said property including arbor, alter, and sweat lodges, with a [de minimis] encroachment upon the adjacent state land." They used the "structures for religious purposes," and MacLeod claimed that they had the right to do so through the "'[privileges] of occupancy' contained within Article 13 of the 1836 **_Treaty_** of Washington, as agreed to by the state of Michigan in [the] 2007 Inland Consent Decree." The consent decree had resolved claims brought by several Native American tribes against the State of Michigan under the 1836 **_Treaty_**. _See_ 1836 **_Treaty_**, 7 Stat. 491.

MacLeod alleged that the MDNR "has continuously expressed a desire to acquire the property since at least May, 2012." In October 2014, the MDNR issued MacLeod a civil infraction citation for the structures, citing him for leaving property on state land for more than twenty-four hours and giving him seven days to remove the structures. A magistrate found him responsible and ordered him to pay a $100 fine. In **[*3]** May 2015, MacLeod claimed that the MDNR defendants entered his land and then destroyed the structures. He claimed that they did so as part of a "scheme . . . to obtain and acquire [his] property for themselves or their work related projects." MacLeod also alleged that the defendants were motivated by animus toward his tribe and a desire to burden the exercise of his religious practices. He **sued**, asserting claims that the MDNR defendants violated the 1836 **_Treaty_** and the consent

decree, as well as several constitutional provisions and federal and state laws. He sought declaratory, injunctive, and monetary relief.

The MDNR defendants moved to dismiss MacLeod's complaint for failure to state a claim on which relief could be granted. *See Fed. R. Civ. P. 12(b)(6)*. MacLeod then filed a motion for summary judgment. *See Fed. R. Civ. P. 56*. The district court granted the defendants' motion to dismiss and denied MacLeod's summary-judgment motion. The district court determined that the 1836 **Treaty** did not create a private right of action and that MacLeod was not a party to the consent decree and thus lacked **standing** to enforce it. The district court also rejected MacLeod's other claims. *MacLeod v. Moritz, No. 18-cv-11653, 2019 U.S. Dist. LEXIS 116749, 2019 WL 3072098 (E.D. Mich. July 15, 2019)*; *see also MacLeod v. Moritz, No. 18-cv-11653, 2019 U.S. Dist. LEXIS 117237, 2019 WL 4387344 (E.D. Mich. Mar. 29, 2019)* **[*4]** (report and recommendation).

MacLeod appeals. In his opening and reply briefs, MacLeod argues only that the district court erred in dismissing his claims under the 1836 **Treaty** and the 2007 consent decree. Thus, by failing to present arguments about his other claims, MacLeod has forfeited review of them. *See Grinter v. Knight, 532 F.3d 567, 574 n.4 (6th Cir. 2008)*.

*HN1*[⬆️] We review de novo a district court's grant of a motion to dismiss for failure to state a claim under *Rule 12(b)(6)*. *Doe v. Miami Univ., 882 F.3d 579, 588 (6th Cir. 2018)*. To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)* (quoting *Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)*). *HN2*[⬆️] "Proper interpretation of a **treaty** presents a question of law that this court reviews de novo." *United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001)*.

MacLeod first argues that the district court did not apply the correct law when resolving his claim under the 1836 **Treaty**. He also argues that the court erred in not holding that his right to construct and use a sweat lodge is protected by the **Treaty**.

*HN3*[⬆️] "[T]reaties, like some statutes, do not always directly create rights that a private citizen can enforce in court." *Renkel v. United States, 456 F.3d 640, 643 (6th Cir. 2006)* (citing *Tel-Oren v. Libyan Arab Republic, 726*

*F.2d 774, 808, 233 U.S. App. D.C. 384 (D.C. Cir. 1984)* (Bork, J., concurring)). "As a general rule, . . . international **treaties** do not create rights that are privately enforceable **[*5]** in the federal courts." *Emuegbunam, 268 F.3d at 389*. "Absent express language in a **treaty** providing for particular judicial remedies, the federal courts will not vindicate private rights unless a **treaty** creates fundamental rights on a par with those protected by the Constitution." *Id. at 390*.

No court has held that the 1836 **Treaty** created such a private right of action. Indeed, they have held just the opposite. *See United States v. Michigan, 471 F. Supp. 192, 271 (W.D. Mich. 1979)* (holding that "[t]he fishing right reserved by the Indians in 1836 and at issue in this case is the communal property of the tribes which signed the **treaty** and their modern political successors; it does not belong to the **individual** tribal members"). Thus, when **individual** members have **sued** to enforce the **Treaty**, courts have held that they lack **standing**. *See Bellfy v. Creagh, No. 1:15-cv-282, 2015 U.S. Dist. LEXIS 114342, 2015 WL 5097651, at *3 (W.D. Mich. Aug. 28, 2015)*. For these reasons, other cases under the **Treaty** were brought by tribes themselves, not **individual** members. *See Grand Traverse Band of Ottawa & Chippewa Indians v. Dir., Mich. Dep't of Nat. Res., 141 F.3d 635, 640 (6th Cir. 1998)*; *see also United States v. Michigan, 424 F.3d 438, 446 (6th Cir. 2005)* (denying several tribes' motion to intervene but noting that, "should the scope of the Tribes' usufructuary rights become an issue . . . the proposed intervenors may renew their motion").

MacLeod develops no argument that the 1836 **Treaty** created an individually enforceable right to erect religious structures **[*6]** on state land. He asserts that his right derives from the **Treaty**'s provision stating that "[t]he Indians stipulate for the right of hunting on the lands ceded, with the other usual privileges of occupancy, until the land is required for settlement." 1836 **Treaty**, 7 Stat. 491, Art. 13. Yet that provision does not expressly grant a private right of action.

MacLeod also argues that the district court erred in its analysis of the 2007 consent decree. He notes that section 6.2(a)(ii) of the consent decree provides that "[t]ribal members . . . may engage in other historically traditional activities (such as the construction and use of sweat lodges)." The district court rejected MacLeod's claim that the MDNR defendants violated his rights under the consent decree, holding that MacLeod was not a party to the consent decree and thus lacked **standing** to enforce its terms. *See, e.g., Okla. Tax*

*Comm'n v. Citizen Band Potawatomi Indian Tribe of Okla., 498 U.S. 505, 514, 111 S. Ct. 905, 112 L. Ed. 2d 1112 (1991)* (recognizing that Indians tribes are sovereigns distinct from their members). *HN4*[↑] And "a well-settled line of authority . . . establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it." *SEC v. Dollar Gen. Corp., 378 F. App'x 511, 514 (6th Cir. 2010)* (alteration in original) (quoting *Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975))*. Because **[*7]** MacLeod was not a party to the 2007 consent decree, he lacks **standing to sue** to enforce its provisions about sweat lodges.

Finally, MacLeod moves for the appointment of counsel. *HN5*[↑] But there is no constitutional right to be appointed counsel in a civil case, *see Glover v. Johnson, 75 F.3d 264, 268 (6th Cir. 1996)*, and MacLeod cites no exceptional circumstances that would justify appointment in his appeal here, *see Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993)*.

Accordingly, we **DENY** MacLeod's motion for counsel and **AFFIRM** the district court's judgment.

---

End of Document

John Schapka