UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SEAN HOUSTON and
ROMAINE KRITINI DAVENPORT
TRUST,

Case No. 2:22-cv-13036

HONORABLE STEPHEN J. MURPHY, III

Plaintiffs,

v.

MERRICK GARLAND,
et al.,

Defendants.
_____/

**OPINION AND ORDER**
**SUA SPONTE DISMISSING THE CASE**

Plaintiffs Sean Houston and the Romaine Kritini Davenport Trust filed a pro se complaint against more than two dozen Defendants. ECF 1. Twelve Defendants filed motions to dismiss. ECF 8; 13; 25; 31; 32; 34; 37; 38; 40; 44; 60; 68. One Defendant moved for summary judgment. ECF 12. Plaintiff Houston responded to two of the motions to dismiss. ECF 42; 43. And Plaintiff Houston moved to strike ECF 32, one of the motions to dismiss. ECF 41. After reviewing the complaint, the Court finds that it lacks subject matter jurisdiction and will sua sponte dismiss the complaint. The Court will also deny all pending motions as moot.

**BACKGROUND**

In 2021, Plaintiff Houston "sued his own estate and a host of private individuals and public officials." *Houston v. Houston*, No. 2:21-cv-11888, 2021 WL

1

4290198, at *1 (E.D. Mich. Sept. 21, 2021), *aff'd*, No. 21-1656, 2022 WL 3452473 (6th Cir. June 1, 2022), *cert. denied sub nom.*, *Houston v. Est. of Houston*, No. 22-151, 143 S. Ct. 353 (Mem) (2022). In that case, it was difficult for the Court to ascertain the relief Plaintiff Houston sought. *Id.* It was clear, however, that Plaintiff Houston "alleged six sources of subject matter jurisdiction." *Id.* at *2. He alleged that "the 1787 Treaty of Marakesh, the 1824 Treaty of Tunis, U.S. Const. Art. VI, U.S. Const. Art. III, § 2, cl. 1, the Judiciary Act of 1789, and the Articles of Confederation, Art XII" conferred subject matter jurisdiction on the Court. *Id.* (alterations omitted). But after painstaking review of the 142-page complaint, the Court determined that "[n]one of the six sources that Plaintiff cites for federal-question jurisdiction confer subject matter jurisdiction over the causes of action in the complaint." *Id.* at *3. The Court thus dismissed the complaint. *Id.* at *5–6. Plaintiffs filed the present complaint, which is nearly identical to Plaintiff Houston's previous complaint, less than two months after the United States Supreme Court denied Plaintiff Houston's petition for certiorari. *Compare Houston v. Houston*, No. 2:21-cv-11888, ECF 1, 18 (E.D. Mich.) (Murphy, J.), *with* ECF 1.

The present complaint fares no better than the last. Plaintiffs alleged six sources of subject matter jurisdiction: (1) the 1787 Treaty of Marakesh; (2) the 1824 Treaty of Tunis; (3) U.S. Const. Art. VI; (4) U.S. Const. Art. III, § 2, cl. 1; (5) the Judiciary Act of 1789; and (6) the Treaty of Marakesh 1836. ECF 1, PgID 15. And the nearly impenetrable complaint contained several causes of action. First, Plaintiffs requested "a private declaratory decree acknowledging that complainants are, 'in

2

fact,' a private people called Moors, Americas aboriginal nationals, and subjects of the Al Maroc Shereefian Empire, 'but not citizen of the United States for the District of Columbia, nor a citizen of the United States of America in Congress assembled.'" *Id.* at 22 (alterations omitted). Second, Plaintiffs asked "for the termination of any guardian [] ward relation, making any presumed administration of [their] estates absolute[ly] void" and to "have decedent's legal estate, LaSean DeJong Houston Estate et al., and Romaine Kritni Davenport Estate et al., restored to complainant(s) as the sole exclusive heirs and beneficiaries." *Id.* at 22–23. (emphasis omitted). Third, Plaintiffs requested "relief against all liability of the [e]state as the 'implied equitable surety' or secondary liability imposed upon her/him in all legal proceedings of a general military character." *Id.* at 25. Fourth, Plaintiffs reasserted "[Plaintiff Houston's] original claim" from the prior case and sought "equitable relief from the burden caused by": "(i) trespass upon your orator's inherent right to equal justice"; "(ii) exoneration of all liability and obligations imputed to your orator"; and "(iii) subrogation of all rights, title, and interests against the complainant with respect to any irrevocable obligation arising from a quasi-trust relationship." *Id.* at 26–27 (alterations omitted). Fifth, Plaintiffs asked "for [] relief against the destruction of rights born of special private fiduciary trust relations between the parties." *Id.* at 28. Sixth, Plaintiffs requested "relief against the destruction of rights arising [from] claims by defendant(s) [W]illiams, [P]ernell [J]ames et al., that he has allegedly sustained personal injuries arising out of an alleged motor vehicle accident with complainant(s) or his property." *Id.* at 31. Seventh, Plaintiffs requested an order

3

"to render a specific performance, put a stop to injuries which are being inflicted upon complainant, his heirs and beneficiaries; based on malum prohibitum . . . claims, without proof of harm." *Id.* at 33. And eighth, Plaintiffs asked the Court to "extinguish any tax obligation" and "to produce a full accounting . . . and to pay over whatever may be due or belong to him or the balance due complainant on a fair accounting." *Id.* at 40 (alterations omitted). Plaintiffs also requested a plethora of injunctive relief related to preventing Defendants from enforcing State and federal law against them. *Id.* at 19–21, 32–39. Although non-exhaustive, the foregoing list captures the essence of Plaintiffs' numerous claims.

## LEGAL STANDARD

Federal courts have limited subject matter jurisdiction under the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Under current statutory schema, federal courts have subject matter jurisdiction over two categories of cases: those that arise under federal law and those in which there is an amount in controversy over 75,000 dollars and the parties have completely diverse citizenship. 28 U.S.C. §§ 1331, 1332(a); *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Federal Rule of Civil Procedure 12(h)(3) requires that "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." In the Sixth Circuit, courts have "broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir.

4

2014) (citation omitted). In general, a district court should "not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (italics omitted). But a district court may, "at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction" if "the allegations of [the] complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.* (italics omitted). Courts should also construe pro se complaints liberally and hold pro se plaintiffs to a less stringent standard than plaintiffs represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam).

## DISCUSSION

The Court will first discuss whether it has subject matter jurisdiction over the case based on a federal question. *See* 28 U.S.C. § 1331. Then, the Court will address whether it has subject matter jurisdiction over the case based on diversity of citizenship. *See* 28 U.S.C. § 1332. Last, the Court will determine whether the case may be sua sponte dismissed.

I. Federal Question

In its order dismissing Plaintiff Houston's previous case, the Court thoroughly discussed why each of the six alleged sources of subject matter jurisdiction failed. *See Houston*, No. 2:21-cv-11888, ECF 7, PgID 533–541 (E.D. Mich. Sept. 21, 2021) (Murphy, J.). In that case, Plaintiff Houston relied on: "(1) the 1787 Treaty of Marakesh; (2) the 1824 Treaty of Tunis; (3) U.S. Const. Art. VI; (4) U.S. Const. Art.

III, § 2, cl. 1; (5) the Judiciary Act of 1789; and (6) the Articles of Confederation, Art XII." *Id.* at 532 (citation omitted). In the present case, Plaintiffs relied on five of the same sources of subject matter jurisdiction. *See* ECF 1, PgID 15. But Plaintiffs did not rely on the Articles of Confederation. *See id.* Instead, they argued that "the Treaty of Marake[s]h 1836" conferred subject matter jurisdiction.[1] *Id.*

Because the Court previously analyzed the first five sources of alleged jurisdiction and found that they did not confer subject matter jurisdiction, the Court will make the same finding here for the reasons previously stated. *See Houston*, 2021 WL 4290198, at *2–5. Moreover, the Court already analyzed and rejected the argument that the 1836 Treaty of Morocco confers subject matter jurisdiction. *Id.* at *3. The Court found that "even if the Court liberally construes the complaint to refer to the 1836 Treaty of Morocco . . . the 1836 Treaty also fails to confer federal-question jurisdiction for any of Plaintiff's claims." *Id.* Thus, all six of Plaintiffs' alleged bases of federal question subject matter jurisdiction fail.

---

[1] Although Plaintiffs argued that "the Treaty of Marrakech 1836" confers subject matter over the complaint, the copy of "the Treaty of Marrakech 1836" which they filed on the docket as exhibit 'O' is identical to the 1836 Treaty of Morocco. *Compare* ECF 5, PgID 71, *with* The Avalon Project, *The Barbary Treaties 1786–1816: Morocco – Treaty of Peace; September 16, 1836* (Yale Law School 2008), https://bit.ly/2XpZAu1 [https://perma.cc/Z7X4-UTH5]. And the United States Department of State does not list the Treaty of Marrakech 1836 as an active treaty. *See generally* United States Department of State, *A List of Treaties and Other International Agreements of the United States in Force on January 1, 2020* 311 (2020), https://bit.ly/3lxs3Xh [https://perma.cc/PE5X-832Z]. Thus, the Court will liberally construe Plaintiffs' reference to "the Treaty of Marrakech 1836" to be references to the 1836 Treaty of Morocco.

6

II. <u>Diversity of Citizenship</u>

As discussed above, the current statutory scheme for diversity jurisdiction requires that the parties have diverse citizenship and that the amount in controversy exceed 75,000 dollars. 28 U.S.C. § 1332(a); *Home Depot U.S.A., Inc.*, 139 S. Ct. at 1746. Diversity of citizenship must be complete, meaning that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original). When determining citizenship of the parties for purposes of diversity jurisdiction, the domicile of each party is used. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). Domicile involves two elements: physical presence in a State and intent to remain in the State. *See Napletana v. Hillsdale Coll.*, 385 F.2d 871, 872–73 (6th Cir. 1967).

While Plaintiff claims that he is not a citizen of the United States, he listed an address in Orion, Michigan under his signature. ECF 1, PgID 60. The address under Plaintiff's signature is sufficient evidence for the Court to believe that Plaintiff has a physical presence in Michigan and an intent to remain in Michigan. *See Napletana*, 385 F.2d at 872–73. Plaintiff then listed at least one Defendant, the Attorney General of Michigan Dana Nessel, as having a Lansing, Michigan address. ECF 1, PgID 7. Accordingly, there is no complete diversity of citizenship. *See Owen Equip. & Erection Co.*, 437 U.S. at 373; *see also Erwin-El*, 2019 WL 2763314, at *1 (holding that a plaintiff alleging he was a sovereign citizen was a citizen of Michigan because the complaint stated that he lived in Michigan).

III.    Sua Sponte Dismissal

Civil Rule 12(h)(3) requires that "[i]f [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." As explained above, the Court lacks subject matter jurisdiction for all of Plaintiff's claims. The Court will therefore sua sponte dismiss the complaint under Rule 12(h)(3). And even if the Court could liberally construe any of the claims in the complaint as arising under a federal law or constitutional provision, the Court would still dismiss the complaint for lack of subject matter jurisdiction because the claims are frivolous. *Apple*, 183 F.3d at 479; *see also Erwin-El*, 2019 WL 2763314, at *1; *Chase Manhattan Mortg. Corp. v. Blakely-El*, No. 06-10343, 2007 WL 1041256, at *1 (E.D. Mich. Apr. 5, 2007) (Feikens, J.); *King v. Corp. of U.S. of Am.*, No. 05 CV 72849, 2005 WL 3320866, at *4 (E.D. Mich. Dec. 7, 2005) (Cleland, J.).

**WHEREFORE**, it is hereby **ORDERED** that the complaint [1] is **DISMISSED**.

**IT IS FURTHER ORDERED** that pending motions [8]; [12]; [13]; [25]; [31]; [32]; [34]; [37]; [38]; [40]; [41]; [42]; [43]; [44]; [60]; [68] are **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

                                            s/ Stephen J. Murphy, III
                                            STEPHEN J. MURPHY, III
Dated: May 2, 2023                United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 2, 2023, by electronic and/or ordinary mail.

                                            s/ David P. Parker
                                            Case Manager